**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

---

| | |
|---|---|
| **HIGH QUALITY PRINTING INVENTIONS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. _____** |
| **v.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **CIMPRESS USA INCORPORATED** ) | |
| **d/b/a VISTAPRINT,** ) | |
| ) | |
| **Defendant.** ) | |

---

**COMPLAINT FOR PATENT INFRINGEMENT**

---

Plaintiff High Quality Printing Inventions, LLC, for its Complaint against Defendant Cimpress USA Incorporated d/b/a Vistaprint, states as follows:

## I.  THE PARTIES

1.      Plaintiff High Quality Printing Inventions, LLC ("HQPI") is a Delaware limited liability company.

2.      Upon information and belief, Defendant Cimpress USA Incorporated d/b/a Vistaprint, ("Defendant") is a Delaware corporation with its principal place of business located at 95 Hayden Avenue, Lexington, Massachusetts 02421.  Upon information and belief, Defendant does business in Massachusetts, including in this district.  Defendant may be served with process through service upon its registered agent, Lawrence Gold, located at 275 Wyman Street, Waltham, Massachusetts 02451.

## II.    NATURE OF ACTION

3.      This is a patent infringement action to stop Defendant's infringement of U.S. Patent No. 6,012,070 (the "'070 Patent").

## III.    JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Patent Laws of the United States, United States Code, Title 35.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).   On information and belief, Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed acts of patent infringement in this district.

6.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Massachusetts Long Arm Statute, due at least to its substantial business in this forum including but not limited to: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Massachusetts and in this district.

## IV.    GENERAL SUMMARY OF THE TECHNOLOGY AT ISSUE

7.      The invention in the '070 Patent relates generally to the field of publishing and printing.

8.      More specifically, the invention relates to systems and methods of producing customized business forms or brochures.

9.      According to the invention in the '070 Patent, an end user, without layout experience, by using a plurality of templates can replace text, can choose low resolution pictures

from the graphic templates, and can create customized, quality documents.  The documents in electronic format may then be readily transported (*e.g.*, electronically over phone lines) to a printing facility where physical documents can be automatically created with quick turnaround full process color high resolution printing.

10.     Thus, the invention relates to a method of producing business forms or brochures, and doing so by only displaying low resolution graphics at the user station, yet producing the final product with high resolution graphics.

## V.     CAUSES OF ACTION

### COUNT I

11.     HQPI incorporates the preceding paragraphs as though fully set forth herein.

12.     HQPI owns, by assignment, the '070 Patent entitled "Digital Design Station Procedure."  A true and correct copy of the '070 Patent is attached hereto as **Exhibit 1**.

13.     Upon information and belief, Defendant, in violation of 35 U.S.C. § 271, has infringed, literally or through the doctrine of equivalents, and continues to infringe at least claim 1 of the '070 Patent through Defendant's using a method of producing customized business forms or brochures using a plurality of low resolution graphics templates in electronic form, and a plurality of text templates, using a user station including a video monitor, selection device, and processor, and selling and offering services that include this method (the "Infringing Services").

14.     Upon information and belief, Defendant, in violation of 35 U.S.C. § 271, has infringed, literally or through the doctrine of equivalents, and continues to infringe at least claim 20 of the '070 Patent through Defendant's using a method of producing customized business forms or brochures using a plurality of low resolution graphics templates in electronic form at a user station including a video monitor, selection device, and processor, and selling and offering services that include this method (also the "Infringing Services").

15.     Exemplary Infringing Services include, without limitation, Defendant's custom design and printing services offered on its website located at http://www.vistaprint.com, including but not limited to services offered specifically at http://www.vistaprint.com/product-list.aspx?txi=16751&xnid=Footer_Our+Products_What+We+Offer&xnav=footer.     Defendant advertises and offers its custom design and printing services, through which customers can select templates provided by Defendant to create customized business forms, brochures, and other documents, to be printed in high resolution by Defendant.

16.     The steps of the invention disclosed in the '070 Patent that are practiced at the user station, even if performed by a separate actor (*e.g.*, a customer), are attributable to Defendant, such that Defendant is responsible for the infringement.

17.     All steps of the claimed methods are performed by or attributable to Defendant because, upon information and belief, Defendant directs or controls its customers' performance of certain method steps.

18.     Upon information and belief, Defendant directs or controls the performance of those steps performed at the user station because Defendant conditions participation in an activity or receipt of a benefit upon performance of a step or steps of the patented method and establishes the manner or timing of that performance.

19.     Upon information and belief, Defendant conditions customers' use of its services, including the use of its templates, upon customers' performance of the steps practiced at the user station (*e.g.*, selecting one or more templates to create a customized document in electronic format, electronically saving the customized document in electronic format, and transmitting the saved customized document to the printing installation without transmitting a document, physical graphics, or templates from the user station).

20.     Upon information and belief, Defendant requires its customers to sign a contract and/or agree to certain terms of use that delineates the steps customers must perform if they use Defendant's services, including the use of its templates.

21.     Upon information and belief, Defendant establishes the manner or timing of its customers' performance by providing instructions regarding how to use Defendant's services, including the use of its templates, and providing customer support services if the customer experiences any problems.

22.     Upon information and belief, if Defendant's precise steps are not followed, Defendant's services may not be available or may be delayed.

23.     Thus, upon information and belief, Defendant's customers do not merely take Defendant's guidance and act independently on their own, but rather, Defendant establishes the manner and timing of its customers' performance so that customers can only avail themselves of Defendant's services, including the use of its templates, upon their performance of the method steps.

24.     Defendant has not given the Infringing Services a specific and publicly-available name.  Accordingly, Plaintiff cannot provide the name used by Defendant for such services without the benefit of discovery.

25.     Defendant has sufficient experience and knowledge of digital design station technology generally, and of its systems and methods specifically, to determine which of its systems and methods produce customized business forms, brochures, and other documents through the use of low resolution graphics templates and text templates.

26.     Defendant has sufficient experience and knowledge of digital design station technology generally, and of its systems and methods specifically, to determine which of its

systems and methods do not produce customized business forms, brochures, and other documents through the use of low resolution graphics templates and text templates.

27.     Defendant further infringes the applicable claim(s) of the '070 Patent by making, offering for sale, and selling products made through use of the method(s) claimed therein.

28.     On information and belief, Defendant will continue to infringe the '070 Patent unless enjoined by this Court.

29.     HQPI reserves the right to assert willful infringement of the '070 Patent if discovery reveals that Defendant's infringement of the '070 Patent is, has been, and/or continues to be willful and deliberate.

30.     As a direct and proximate result of Defendant's infringement of the '070 Patent, HQPI has been and continues to be damaged in an amount yet to be determined.

31.     Unless Defendant's ongoing infringement is enjoined, HQPI will suffer irreparable injury for which there is no adequate remedy at law.

32.     This is an exceptional case such that HQPI should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendant.

## VI.     REQUEST FOR RELIEF

Wherefore, HQPI requests the following relief:

1.     A judgment in favor of HQPI that Defendant has infringed at least claims 1 and 20 of the '070 Patent;

2.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all other actors acting in active concert therewith from infringing the '070 Patent;

3.      A judgment and order requiring Defendant to pay HQPI its damages in an amount not less than a reasonable royalty, treble damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '070 Patent, as provided under 35 U.S.C. § 284;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to HQPI its reasonable attorney fees and expenses; and

5.      Any and all other relief that the Court deems just and proper.

## VII.     JURY DEMAND

HQPI requests a jury for all issues so triable.

<div style="margin-left:50%">

Respectfully submitted,
/s/ Irvin Rakhlin
Irvin Rakhlin, BBO #669524
Rakhlin Law
220-230 Commercial Street, #19
Boston, MA 02109
Telephone:  (617) 564-0466
Email:  rakhlin@rakhlinlaw.com

Dmitry Lev, BBO #665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
Telephone:  (617) 556-9990
Email: dlev@levlaw.net

*Counsel for Plaintiff High Quality Printing Inventions, LLC*

</div>